## A. & M. Beer Distributors, Inc. Appeal

*Arthur S. Lorch,* for appellant.

*I. Harry Checchio,* Special Assistant Attorney General, for Pennsylvania Liquor Control Board.

SPAETH, J., April 15, 1970.—

### NATURE OF THE CASE

This case is before the court on appeal from an order of the Pennsylvania Liquor Control Board.

### HISTORY OF THE CASE

Petitioner holds a license to sell beer at premises 1945-47 Wakeling Street, Philadelphia, Pa., and has applied for a license to store beer next door, at 1943 Wakeling Street. On September 16, 1969, the Pennsylvania Liquor Control Board issued an order refus-

ing to grant the application because of a restriction in the deed to 1943 Wakeling Street that provides:

"Under and subject to express agreement or restriction: That no glue soap candle starch lampblack poudrette manufactory bone boiling establishment slaughter house tavern distillery or place for the sale or manufacture of intoxicating or spirituous liquor or other building for offensive use or occupation shall ever at anytime hereafter be erected or used on any part of said premises."

Petitioner asserts in its appeal that the deed restriction is inapplicable because the building will not be used for sale but only for storage. To insure that this will be so, petitioner has offered in its brief to close the connection between the building and the sales office.

## DISCUSSION

The issue is: When does title to a case of beer pass? If title passes when the customer pays for the case of beer, in the office at 1945-47 Wakeling Street, the sale is consummated there, and there would be no violation of the deed restriction on 1943 Wakeling Street, where the case of beer is stored. If title passes when the case of beer is identified, in 1943 Wakeling Street, where the case is selected for the customer, the sale is consummated there, and there would be a violation of the deed restriction.

Title passes when the case is identified and not when the money is paid. When the customer enters the premises and asks for a case of "X" brand beer, and presents his money, he and the beer distributor are contracting for the sale of a case of beer, and they have agreed upon the specifications, 24 cans of X brand, but they have not identified the specific case. This is a contract for the sale of unascertained goods.

The Uniform Commercial Code provides:

"(1) Title to goods cannot pass under a contract for sale prior to their identification to the contract . . .": Act of April 6, 1953, P. L. 3, §2-401(1), 12A PS §2-401(1).

Even if the contract between the parties were to use words that import a present sale and transfer of title, the rule would not vary:

"(2) Goods must be both existing and identified before any interest in them can pass. Goods which are not both existing and identified are 'future goods.' A purported present sale of future goods or of any interest therein operates as a contract to sell": Id., §2-105(2), 12 PS §2-105(2).

It may be that petitioner, by changing its procedures or by rearranging its facilities, can assure the Liquor Control Board that sales will be consummated in petitioner's sales office and not in its storage facilities. However, such assurance must be offered initially at a hearing before the board. As this has not been done, the decision of the board will be affirmed. This will be without prejudice to petitioner's right to reapply to the board or to attack the deed restriction in an appropriate proceeding.

The Liquor Control Board has argued that the storage "is incidental to the sale," and that since the deed restriction prohibits the sale, "by inference it also prohibits storage for sale." This argument is without merit. A restriction on real estate must be construed as narrowly as possible. Here, the restriction is on sale, not storage; it cannot be expanded by inference.

## ORDER

And now, April 15, 1970, the appeal is dismissed and the decision of the Pennsylvania Liquor Control Board is affirmed.